[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
John A. Delbuono for plaintiff.
Shari A. Tottle for defendant.
This is a matter where cross motions for summary judgment are before the court. The parties have stipulated to the material facts.
On June 29, 1993, the plaintiffs, Janice Stride, Raymond Vienneau, the guardian of the estate of Rachel Vienneau, and Richard Griffin, the executor of the estate of Ruth Kean, filed a three count complaint against the defendant, Allstate Insurance Company, seeking underinsured motorist benefits.
The parties stipulate the following: Janice Stride, Ruth Kean, and Rachel Vienneau were injured on July 20, 1992, in a car CT Page 7871 accident wherein a vehicle being operated by one, Allen Lascko collided with their vehicle. Mr. Lascko's vehicle was insured by Travelers Insurance Company up to a single $100,000.00 limit. Janice Stride is the named insured under an Allstate uninsured/underinsured motorist insurance policy ("the Allstate policy") that has coverage limits of $100,000.00 per person and $300,000.00 per occurrence. The plaintiffs were all insureds under the defendant's policy. Travelers Insurance Company paid $3,787.25 for property damage to Janice Stride's car; $42,567.26 for personal injuries to Janice Stride; $18,676.44 for personal injuries to Rachel Vienneau; and $34,969.05 for the death of Ruth Kean. The parties agree that the only issue is whether Allen Lascko's car was underinsured with regard to the Allstate Insurance Company policy.
On April 6, 1994, the defendant filed a motion for summary judgment and a memorandum of law in support of its motion for summary judgment. On May 16, 1994, the plaintiffs filed a cross motion for summary judgment and a supporting memorandum of law. On May 18, 1994, the defendants filed an objection to the plaintiffs' motion for summary judgment. On May 20, 1994 the plaintiffs filed an objection to the defendant's motion for summary judgment.
Summary judgment should be granted when there are no material issues of fact in dispute and judgment can be rendered as a matter of law. Scrapchansky v. Plainfield, 226 Conn. 446,450, 627 A.2d 1329 (1993).
The defendant argues that the plaintiffs are not entitled recover underinsured motorist benefits because Allen Lascko was not operating an underinsured motor vehicle at the time of this accident. In order to determine whether the car is underinsured, the defendant argues that the $100,000.00 single limit of Mr. Lascko's policy should be compared to the $100,000.00 underinsured motorist coverage limit per person in the Allstate Insurance Company policy rather than the $300,000.00 limit per occurrence. The defendant relies on Covenant Ins. Co. v.Coon, 220 Conn. 30, 594 A.2d 977 (1991).
The plaintiffs argue that Allen Lascko's car was underinsured. In determining whether the car was underinsured, the plaintiffs argue that Mr. Lascko's single limit should be compared to the $300,000.00 limit per occurrence in the underinsured motorist policy, so that each plaintiff should CT Page 7872 recover $100,000.00 underinsured motorist coverage less the amount of compensation already paid to each plaintiff under Allen Lascko's policy. The plaintiffs distinguish Covenant Ins.Co. v. Coon, supra, on the ground that that case was brought by only one victim, whereas the present matter was brought by three victims.
An underinsured motor vehicle has been defined as:
 a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made under subsection (b) of this section.
General Statutes § 38a-336(d) (renamed subsection (e) in PA 93-297).
If the amount of underinsured motorist coverage available to a victim is equal to the amount of liability insurance available to that victim, the vehicle is not underinsured. AmericanMotorists Ins. Co. v. Gould, 213 Conn. 625, 632,569 A.2d 1105 (1990).[1] Therefore, if the liability insurance of $100,000.00 is compared to the $100,000.00 per person underinsured motorist limit, then that vehicle was not underinsured and the plaintiffs are not entitled to recover under the Allstate policy. However, if the $100,000.00 liability insurance is compared to the underinsured limit of $300,000.00 per occurrence limit, then the tort-feasor's car fits the definition of an underinsured vehicle.
"Neither the text nor the legislative history of § 38a-336
addresses directly the circumstance in which the tort-feasor's liability insurance policy has two different liability limits." Covenant Ins. Co. v. Coon, supra, 220 Conn. 34.
Uninsured motorist coverage was intended "`to permit the injured party to recover the amount he would have received had the tort-feasor been insured to the same extent as the injured party.'" American Motorists Ins. Co. v. Gould, supra,213 Conn. 631. "[T]he legislative objective was simply to give an insured who is injured in an accident the same resource he would have had if the tort-feasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage." CT Page 7873 Id., 632. "`[The legislature] could not have been intended to place the insured who is injured by an underinsured motorist in a better position than one who is harmed by a motorist having the same insurance as the insured.'" Id., 631.
If the tort-feasor had a liability policy that was equal to the insureds' underinsured motorist coverage of $100,000.00 per person or $300,000.00 per occurrence, then each of the victims could have recovered $100,000.00. Therefore, in order to determine whether the tort-feasor's vehicle was underinsured the limit of liability on the tort-feasor's policy that it should be compared with is the per person and per occurrence limits on the Allstate insurance Company policy. Obviously when that is done, the policy limits insuring Allen Lascko's vehicle are less than the policy limits insuring the plaintiff's vehicle. The plaintiff's vehicle allows for coverage of $200,000.00 more than the Lascko vehicle had, although no one person could collect more than $100,000.00
For the reasons stated above, the court finds that Allen Lascko was operating an underinsured vehicle at the time of this accident. Therefore the court grants the plaintiffs' motion for summary judgment and denies the defendant's motion for summary judgment.
WILLIAM J. SULLIVAN, J.